UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KEVIN McGHEE and JENISE McGHEE, <br><br> Plaintiffs, <br><br> vs. <br><br> ZOKHIRKUL KHALILOV, <br>         Serve: 9926 Haldeman Ave, A101 <br>                     Philadelphia, PA 19115 <br><br> and <br><br> ECO TRUCKING, LLC, <br>         Serve:  2613 Virginia Lane <br>                     Jamison, PA 18929 <br><br> Defendants. | Case No: 2:21-cv-4048 <br><br> Division: <br><br> (Personal Injury/Auto – In Excess of $75,000) <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiffs Kevin McGhee and Jenise McGhee, by and through their undersigned counsel, and for their Complaint against Defendants Zokhirkul Khalilov and Eco Trucking, LLC (collectively "Defendants") state the following:

## PARTIES

1. This lawsuit concerns a tractor-trailer and pedestrian collision occurring on December 16, 2020 when Plaintiff Kevin McGhee was struck by a tractor-trailer operated by Defendant Zokhirkul Khalilov while being employed by Defendant Eco Trucking, LLC and acting within the course and scope of his employment. Plaintiff Kevin McGhee suffered serious injuries as a result of the collision.

2. At all times material hereto, Plaintiff Kevin McGhee is an individual who was and is a citizen and resident of the State of Missouri.

3. At all times material hereto, Plaintiff Jenise McGhee is an individual who was and is a citizen and resident of the State of Missouri.

4. At all times material hereto, Defendant Zokhirkul Khalilov (hereinafter "Defendant Khalilov") is an individual who was and is a citizen and resident of Pennsylvania.

5. At all times material hereto, Defendant Eco Trucking, LLC (hereinafter "Defendant Eco Trucking") is a duly organized and existing Pennsylvania corporation, with its principal place of business located in Pennsylvania, that operates in the state of Missouri and elsewhere as an interstate motor carrier.

6. Defendant Khalilov was at all times material hereto an employee or agent of Defendant Eco Trucking and was acting in the course and scope of his employment and/or agency for Defendant Eco Trucking on December 16, 2020.

7. The claim arises out of a tractor-trailer and pedestrian collision that occurred in Callaway County, Missouri on December 16, 2020.

8. Missouri substantive law applies.

## SUBJECT MATTER JURISDICTION

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Plaintiffs are citizens and residents of the State of Missouri, Defendant Khalilov is a citizen and resident of the state of Pennsylvania, and Defendant Eco Trucking is a citizen of the state of Pennsylvania.

## PERSONAL JURISDICTION

10. Defendant Eco Trucking maintains sufficient minimum contacts with the State of Missouri and is subject to personal jurisdiction in Missouri. Defendant Eco Trucking conducts substantial business in Missouri as in interstate motor carrier, including the employment of Defendant Khalilov who was working and traveling within the State of Missouri at the time of the collision at issue in this Complaint.

11. Defendant Khalilov maintains sufficient minimum contacts with the State of Missouri and is subject to personal jurisdiction in Missouri. Defendant Khalilov was working for Defendant Eco Trucking as an inter-state truck driver and traveling within the State of Missouri at the time of the collision at issue in this Complaint.

## VENUE

12. Venue is proper in the United States District Court for the Western District of Missouri, Central Division, pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

13. On or about December 16, 2020, Plaintiff Kevin McGhee was working as part of a road crew on westbound Interstate-70 near Bridge A0096, in Callaway County, Missouri.

14. On or about December 16, 2020, Defendant Khalilov was driving a 2017 Volvo Truck Tractor with One Unit, VIN# 4V4NC9EH9HN977172, (hereinafter "the subject tractor-trailer") westbound on Interstate-70 near Bridge A0096, in Callaway County, Missouri.

15. On or about December 16, 2020, Defendant Khalilov was, at all times, acting as an employee and agent for Defendant Eco Trucking.

16. On or about December 16, 2020, and at all times relevant hereto, the subject tractor-trailer was owned by Defendant Eco Trucking, and was being operated as part of Defendant Khalilov's employment for Defendant Eco Trucking.

17. On or about December 16, 2020, the road conditions were dry.

18. On or about December 16, 2020, near where Plaintiff Kevin McGhee was working on Interstate-70 westbound, there was an Arrow Sign Board flashing and indicating to vehicles to move to the left lane because the right lane was closed for a construction crew.

19. Plaintiff Kevin McGhee was a member of the construction crew.

20. On or about December 16, 2020, while driving westbound on Interstate-55, Defendant Khalilov negligently drove the subject tractor-trailer while distracted, inattentive, impaired and/or asleep when failing to heed to warning signs posted and the flashing Arrow Sign Board indicating to Defendant Khalilov to move his vehicle to the left lane.

21. Defendant Khalilov drove the subject tractor-trailer off the right side of the roadway, striking a guardrail.

22. Defendant Khalilov returned the subject tractor-trailer to the roadway and traveled off to the right side of the roadway a second time, striking the bridge face of Bridge A0096.

23. Defendant Khalilov returned the subject tractor-trailer to the roadway again, and continued westbound where he struck the flashing Arrow Sign Board with the subject tractor-trailer.

24. After crashing through the Arrow Sign Board, Defendant Khalilov then struck Plaintiff Kevin McGhee as he was working on the side of the road, and struck another vehicle.

25. Upon impact, Plaintiff Kevin McGhee was thrown into the guardrail and rolled down the embankment.

26. Defendant Khalilov then crossed into the center of the roadway and the subject tractor-trailer jackknifed.

27. Plaintiff Kevin McGhee was emergently taken to University Hospital via ambulance.

28. As a result of the accident, Plaintiff Kevin McGhee suffered severe and life-threatening injuries, including but not limited to a brain injury, broken leg, collapsed lungs, among others, and requiring multiple surgical procedures.

## COUNT I

**(Negligence - Defendants Khalilov and Eco Trucking)**

29. Plaintiff Kevin McGhee hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

30. At all times relevant herein, Defendant Khalilov was an employee and an agent for Defendant Eco Trucking and Defendant Khalilov was acting within the course and scope of his employment and/or agency for Defendant Eco Trucking.

31. At all times relevant herein, Defendant Khalilov was operating the subject tractor-trailer owned by Defendant Eco Trucking.

32. At all times mentioned herein, Defendants Khalilov and Eco Trucking owed a duty to Plaintiff Kevin McGhee and others to exercise the highest degree of care in the operation of the motor vehicle.

33. The automobile collision at issue was caused by the negligence and carelessness of Defendants Khalilov and Eco Trucking in the following respects:

    a. Defendants operated the subject tractor-trailer in a careless and reckless manner;

    b. Defendants failed to cease operating the subject tractor-trailer while

being distracted, inattentive, impaired and/or asleep;

c. Defendants failed to heed to warning signs on the road indicating to vehicles to move to the left lane;

d. Defendants failed to heed to flashing arrow board signs on the road indicating to vehicles to move to the left lane because the right lane was closed for a construction crew;

e. Defendants operated the subject vehicle on the public roadways, including highways, when they knew or should have known, that Defendant Khalilov was unfit to operate motor vehicles;

f. Defendant Khalilov chose to continue operating the subject vehicle when he knew, or should have known, that it was not safe to do so;

g. Defendants failed to yield the right of way;

h. Defendants failed to brake;

i. Defendants failed to stop the subject vehicle after traveling off the right side of the roadway and striking a guardrail;

j. Defendants failed to stop the subject vehicle after traveling off the roadway for a second time and striking the face of Bridge A0096;

k. Defendants failed to stop the subject vehicle after striking an operational Arrow Board Sign;

l. Defendants failed to keep a careful lookout;

m. Defendants failed to attend to the roadway;

n. Defendants operated the vehicle at an excessive rate of speed under the circumstances;

o. Defendants failed to comply with applicable state and federal regulations regarding the commercial operation of tractor-trailer units; and

p. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

34. Due to the negligence and carelessness of Defendants Khalilov and Eco Trucking, Plaintiff Kevin McGhee was severely injured on December 16, 2020.

35. Due to the negligence and carelessness of Defendants Khalilov and Eco Trucking, Plaintiff Kevin McGhee personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment, which will continue in the future.

36. The negligence and carelessness of Defendants Khalilov and Eco Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Kevin McGhee and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Kevin McGhee prays for judgment jointly and severally against Defendants Khalilov and Eco Trucking in Count I herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II

### (Negligence Per Se - Defendants Khalilov and Eco Trucking)

37. Plaintiff Kevin McGhee hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

38. At all times relevant herein, Defendant Khalilov was an employee and an agent for Defendant Eco Trucking and Defendant Khalilov was acting within the course and scope of his employment and/or agency for Defendant Eco Trucking.

39. At all times relevant herein, Defendant Khalilov was operating the subject tractor-trailer owned by Defendant Khalilov Trucking.

40. At all times mentioned herein, Defendants Khalilov and Eco Trucking owed a duty to Plaintiff Kevin McGhee and others to exercise the highest degree of care in the operation of the motor vehicle.

41. The acts and omissions as set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 304 of the Missouri Revised Statutes, including but not limited to: MO. REV. STAT. §§ 304.010, 304.012, 304.015, 304.016, 304.017, 304.019, 304.040, 304.151, 304.271, 304.281, 304.311, 304.341, 304.351, 304.585, and 304.820.

42. The acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 390.11, 390.13, 391.11, 391.21, 391.23, 391.25, 391.27, 391.31, 391.41, 391.43, 391.45, 392.2, 392.3, 392.6, 392.7, 393.7, 395.3, 396.3, 396.7, 396.11, and 396.17.

43. The subject statutes, codes, regulations and the above provisions, are designed to protect Plaintiff Kevin McGhee and members of the public generally from the hazards that arise from operations of motor vehicles.

44. Plaintiff Kevin McGhee is within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiff Kevin McGhee sustained.

45. As a direct and proximate result of Defendants' violations of the provisions enumerated above, Plaintiff Kevin McGhee was seriously injured on December 16, 2020.

46. Due to the negligence and carelessness of Defendants Khalilov and Eco Trucking, Plaintiff Kevin McGhee personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment, which will continue in the future.

47. The negligence and carelessness of Defendants Khalilov and Eco Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Kevin McGhee and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Kevin McGhee prays for judgment jointly and severally against Defendants Khalilov and Eco Trucking in Count II herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT III

### (Negligence - Defendant Eco Trucking)

48. Plaintiff Kevin McGhee hereby alleges and incorporates by reference every allegation contained in all previous paragraphs of this Complaint as though fully set forth herein.

49. At all times relevant herein, Defendant Khalilov was an employee and an agent for Defendant Eco Trucking and Defendant Khalilov was acting within the course and scope of his employment and/or agency for Defendant Eco Trucking.

50. At all times relevant herein, Defendant Khalilov was operating the subject tractor-trailer owned by Defendant Eco Trucking

51. The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Eco Trucking in the following respects:

    a. Defendant Eco Trucking was negligent in its hiring of Defendant Khalilov;

    b. Defendant Eco Trucking was negligent in its retention of Defendant Khalilov;

    c. Defendant Eco Trucking was negligent in its supervision of Defendant Khalilov;

    d. Defendant Eco Trucking was negligent in its training of Defendant Khalilov;

    e. Defendant Eco Trucking was negligent in its maintenance of the subject vehicle; and

    f. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

52. As a direct and proximate result of the negligence and recklessness of Defendant

Eco Trucking, Plaintiff Kevin McGhee was seriously injured on December 16, 2020.

53. Due to the negligence and carelessness of Defendant Eco Trucking, Plaintiff Kevin McGhee personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, emotional distress, and has become indebted for reasonable and necessary medical care and treatment, which will continue in the future.

54. The negligence and carelessness of Defendant Eco Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Kevin McGhee and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant Eco Trucking and deter Defendant Eco Trucking, and others, from like conduct in the future.

WHEREFORE Plaintiff Kevin McGhee prays for judgment against Defendant Eco Trucking in Count III herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT IV
**(Loss of Consortium - Defendants Khalilov and Eco Trucking)**

55. Plaintiff Jenise McGhee alleges and incorporates all previous paragraphs by reference as if fully set forth herein.

56. At all times relevant to this cause of action, Plaintiff Jenise McGhee was the lawfully wedded spouse of Plaintiff Kevin McGhee.

57. As a direct and proximate result of the aforesaid negligent acts or omissions, Plaintiff Jenise McGhee has lost the services, support, society and consortium of her husband, Plaintiff Kevin McGhee, and shall lose the same in the future.

58. As a direct and proximate result of the aforesaid negligent acts or negligence,

Plaintiff Jenise McGhee has personally sustained and will continue to sustain actual damages, including lost wages and benefits, and has become indebted for reasonable and necessary medical care and treatment rendered to her husband, Plaintiff Kevin McGhee, and she shall incur additional such expenses in the future.

59. The negligence and carelessness of Defendant Khalilov and Defendant Eco Trucking as described above showed gross negligence, a complete indifference to or a conscious and wanton disregard for the safety of Plaintiff Kevin McGhee and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant Khalilov and Defendant Eco Trucking and deter Defendant Khalilov and Defendant Eco Trucking, and others, from like conduct in the future.

WHEREFORE Plaintiff Jenise McGhee prays for judgment against Defendants Khalilov and Eco Trucking in Count IV herein in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

DATED: March 10, 2021  **THE SIMON LAW FIRM, P.C.**

By: /s/ *Timothy M. Cronin*
John G. Simon, #35231 MO
Timothy M. Cronin, #63383 MO
Elizabeth C. McNulty, #72026 MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P: (314) 241-2929
F: (314) 241-2020
jsimon@simonlawpc.com
tcronin@simonlawpc.com
emcnulty@simonlawpc.com
***Attorneys for Plaintiff***