# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KEVIN MCGHEE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:21-CV-4048-WJE |
| | ) |
| ZOKHIRKUL KHALILOV, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Proposed Intervenor Missouri Employers Mutual Insurance Company's ("MEM") Motion to Intervene (Doc. 19) and Proposed Complaint (Doc. 19-1). Plaintiffs Kevin and Jenise McGhee ("McGhees") and Defendants Zokhirkul Khalilov and Eco Trucking, LLC ("Eco Trucking") have not responded and the time to do so has expired. The issues are now ripe and ready to be ruled upon. Because MEM has a right to do so, the Court will grant MEM's Motion to Intervene and allow MEM leave to file its Proposed Complaint.[1]

### I. BACKGROUND

*A. Allegations in the First Amended Complaint*

This case arises from the collision between a tractor-trailer operated by Mr. Khalilov, in the scope of his employment with Eco Trucking, and Mr. McGhee, a member of a construction crew who was working alongside the highway. (Doc. 8 at ¶¶ 1, 13). As a result of the collision, the McGhees allege that Mr. McGhee suffered severe and life-threatening injuries, including brain trauma, a broken leg, and collapsed lungs. (*Id.* at ¶ 28). The McGhees bring four counts in their First Amended Complaint. Specifically, Mr. McGhee alleges one count of negligence and negligence per se against Mr. Khalilov and Eco Trucking based on Mr. Khalilov's operation of the

---

[1] The Court notes that it would likely grant the Motion to Intervene under a theory of permissive intervention as well.

tractor-trailer. (*Id.* at ¶¶ 29-47). Mr. McGhee also brings one count of negligence against Eco Trucking based on its hiring, retaining, supervising, and training of Mr. Khalilov, as well as its maintenance of the tractor-trailer. (*Id.* at ¶¶ 48-54). Finally, Ms. McGhee brings one count of loss of consortium against Mr. Khalilov and Eco Trucking. (*Id.* at ¶¶ 55-59).

For each of the negligence and negligence per se counts, Mr. McGhee states that he has "personally sustained and will continue to sustain actual damages including physical and mental injuries, lost wages and benefits, [and] emotional distress." (*Id.* ¶¶ 35, 46, 53). Further, he maintains that he has "become indebted for reasonable and necessary medical care and treatment, which will continue in the future." (*Id.*) In her loss of consortium claim, Ms. McGhee states that she has "personally sustained and will continue to sustain actual damages, including lost wages and benefits, and has become indebted for reasonable and necessary medical care and treatment rendered to her husband . . . and she shall incur additional such expenses in the future." (*Id.* ¶ 58). In each of their counts, the McGhees seek damages "in excess of seventy-five thousand dollars," costs of the litigation, pre- and post-judgment interest, and punitive damages. (*Id.* at 7, 9, 11-12).

*B. Allegations in the Motion to Intervene and MEM's Proposed Complaint*

MEM, a Missouri corporation, and the entity which provides workers' compensation insurance to Mr. McGhee's employer, seeks to intervene as of right and, in the alternative, under a theory of permissive intervention. (Doc. 19 at 1-2). MEM alleges that it has provided and will likely continue to provide benefits to Mr. McGhee for the injuries he sustained. (*Id.* at ¶ 7). MEM states that under Missouri law it has a subrogation right to the funds Mr. McGhee may recover for his tort claims because it has provided him with workers' compensation benefits. (*Id.* at ¶ 8). However, no subrogation right exists as to the funds that Ms. McGhee may recover for her loss of consortium claim. (*Id.* at ¶ 14). To protect its subrogation right, MEM seeks to bring the same

counts against Mr. Khalilov and Eco Trucking that Mr. McGhee brings in his First Amended Complaint. (*See* Doc. 19 at ¶¶ 21, 37; *compare* Doc. 19-1, *with* Doc. 8).

MEM specifically alleges that intervention is necessary because

> [t]he interests of . . . [the] McGhee[s] are not aligned in the prosecution of this Complaint because . . . [Mr.] McGhee must look out for the interests of MEM, while . . . [Ms.] McGhee has no obligation in regard to [the] same. Nevertheless, they are husband and wife, and therefore, they both stand to share in any recovery whether it be under a theory of loss of consortium on behalf of . . . [Ms.] McGhee or a general tort recovery on behalf of . . . [Mr.] McGhee.

(Doc. 19 at ¶ 21). Since MEM's subrogation right exists only as to the funds recovered by Mr. McGhee, MEM states that its "interest is not adequately represented by the existing parties." (*Id.* ¶ 23). MEM asserts that "[t]his is also especially true when it comes to negotiating a settlement." (*Id.* ¶ 24). MEM states that it "only wishes to be made a Plaintiff to the case to prevent an unfair resolution that would forever close and bar MEM from pursuing any further action and protecting its interests." (*Id.* ¶ 37).

## II. APPLICABLE LAW: FEDERAL RULE OF CIVIL PROCEDURE 24

Federal Rule of Civil Procedure 24 governs intervention both as of right and under a theory of permissive intervention in cases brought in federal court. The Court addresses the standard governing each type of intervention in turn.

As to intervention as of right, Rule 24 provides, in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Eighth Circuit recognizes four requirements that must be met when a party seeks to intervene as of right:

> (1) file[] a timely motion to intervene; (2) claim[] an interest relating to the property or transaction that is the subject of the action; (3) [be] situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) . . . not [be] adequately represented by the existing parties.

*Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1004 (8th Cir. 2020) (internal quotation marks and citation omitted).[2] In discussing intervention as of right, the Eighth Circuit stated that "Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor." *Id.* (internal quotation marks and citations omitted).

Rule 24 also governs when a party may intervene under a theory of permissive intervention. Rule 24(b) provides, in relevant part:

> On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B), (b)(3). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). "The principle consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.* (citations omitted).

### III. ANALYSIS

MEM seeks to intervene as of right and, alternatively, under a theory of permissive intervention in this action to protect its subrogation interest in the funds Mr. McGhee may recover

---

[2] MEM focused on Missouri case law in its Motion to Intervene. (*See generally* Doc. 19). Although Missouri Supreme Court Rule 52.12 is similar to Rule 24, "[i]t is wholly clear that the right to intervene in a civil action pending in a United States District Court is governed by Rule 24 and not state law." 7c MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1905 (3d ed. 2021) (collecting cases). Although Missouri law "is relevant in determining whether the insurer has a right of subrogation. If the substantive right to subrogation exists, the mode, time, and manner of its assertion is a procedural matter to be determined by the federal rules rather than by state law." *Id.* (collecting cases). Therefore, the Court looks to Missouri law to determine MEM's subrogation rights but cites to Eighth Circuit cases interpreting Rule 24 when determining if MEM has a right to intervene in this matter.

for his tort claims. MEM states that its interests are not adequately protected because the McGhees may present the case in such a way that would allocate a larger portion of the recovery than is customary to Ms. McGhee's loss of consortium claim because no subrogation interest applies to that claim. The Motion to Intervene stands before the Court unopposed because the McGhees, Mr. Khalilov, and Eco Trucking did not file a response. Although the Court concludes that MEM may intervene as of right under Rule 24(a), because two of the requirements present a close call, it also concludes that it would likely allow MEM to intervene under a theory of permissive intervention.

    A. *The Court Will Allow MEM to Intervene as of Right*

The Court begins with an analysis of intervention as of right. Since MEM meets each of the four requirements, the Court will allow MEM to intervene under Rule 24(a)(2).

First, MEM timely filed the Motion to Intervene. In determining whether a party has timely filed a motion to intervene, the Court must consider "all the circumstances of the case," including three elements in particular: (1) "the reason for any delay by the proposed intervenor in seeking intervention," (2) "how far the litigation has progressed before the motion to intervene is filed," and (3) "how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (citation omitted). The instant litigation is in its early stages and no deadlines set forth in the Court's Scheduling Order have passed. (*See* Doc. 16). MEM filed the Motion to Intervene approximately two months after the McGhees filed their First Amended Complaint. (*Compare* Doc. 8, *with* Doc. 19). Further, because no party filed a response to the Motion to Intervene, the Court presumes that no party would suffer prejudice by allowing MEM to intervene. After considering all the circumstances of the case, the Court concludes that MEM timely filed the Motion to Intervene and meets the first requirement to intervene as of right.

Second, MEM "claims an interest relating to the property or transaction that is the subject of the action" in that it claims a subrogation interest in the amount that Mr. McGhee may recover for his tort claims. *Swinton*, 960 F.3d at 1004. "Under Missouri law, an employee who sues and recovers damages from a third-party tortfeasor for injuries to the employee holds the amount due to the employer in trust so as to ensure that the employer's right of subrogation is protected pursuant to § 287.150" of the Revised Statutes of Missouri. *Henderson v. Black & Decker*, No. 1:20cv173ACL, 2021 WL 1546139, at *2 (E.D. Mo. Apr. 20, 2021) (citing *Schumacher v. Leslie*, 232 S.W.2d 913, 919 (1950)). Because MEM has a subrogation interest in the funds that Mr. McGhee may recover, it has an interest in the subject of the action and meets the second requirement to intervene as of right.

Third, MEM must show that it "is situated so that disposing of the action may, as a practical matter, impair or impede [MEM's] . . . ability to protect that interest." *Swinton*, 960 F.3d at 1004. This requirement is a closer call. In deciding a motion to intervene pursuant to Missouri Supreme Court Rule 52.12, the Missouri Court of Appeals for the Western District recognized that

> the fact that a Missouri employer is not a party to an injured employee's suit against a third-party tortfeasor does not forfeit or limit the employer's right to seek reimbursement for Missouri workers' compensation benefits paid to the employee. This is because employers in Missouri who have paid workers' compensation benefits to an injured employee have a multitude of options available to recoup the benefits from a third-party tortfeasor, and are not limited to intervention in the underlying suit.

*Kinney v. Schneider Nat'l Carriers, Inc.*, 200 S.W.3d 607, 612 (Mo. Ct. App. 2006). However, the Eighth Circuit has recognized that Rule 24 "does not require . . . [that a party] demonstrate to a certainty that [its] interests *will* be impaired in the ongoing action. It requires only that [it] show that the disposition of the action *may* as a practical matter impair [its] interests." *Union Elec. Co.*, 64 F.3d at 1162 (emphasis in original, internal quotation marks and citations omitted). Further,

the Eighth Circuit instructed that "the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (internal alterations, quotation marks, and citations omitted). In considering whether a district court properly allowed a party to intervene as of right, the Eighth Circuit has stated in dicta that "[i]t has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as . . . of right." *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 784 (8th Cir. 1985) (quoting *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.,* 420 F.2d 1103, 1114-15 (5th Cir.1970)).

MEM alleges that its interests may be impaired if it cannot intervene in the current litigation because the McGhees may litigate this matter in such a way that most of the recovery is devoted to Ms. McGhee's loss of consortium claim, to which no subrogation right exists, as opposed to Mr. McGhee's tort claims. Based on these allegations, MEM has shown that its subrogation rights "*may* as a practical matter" be impaired if it is not allowed to intervene in this action. *See Union Elec. Co.*, 64 F.3d at 1162; *see also Fahnestock v. E. All. Ins. Co.*, No. 1:13cv2417, 2016 WL 7384138, at *3 (M.D. Pa. Dec. 21, 2016) (citations omitted) (concluding based on a similar argument that the workers' compensation insurer's subrogation interest was "indeed under threat of impairment"). Because "Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor," the Court concludes that MEM meets the third requirement to intervene as of right. *Swinton*, 960 F.3d at 1004.

Fourth and finally, the Court must determine whether MEM's interests are "adequately represented by the existing parties." *Swinton*, 960 F.3d at 1004. The Eighth Circuit has recognized that "[a]lthough the burden to show inadequate representation is generally minimal . . . the applicant for intervention bears a heavier burden on this factor when a party in the suit has an

obligation to represent the interests of the party seeking to intervene." *Id.* at 1005 (internal quotation marks and citations omitted). However, this "may be rebutted by a showing that the applicant's interest cannot be subsumed within the shared interest" of the party currently involved in the litigation. *Union Elec. Co.*, 64 F.3d at 1169 (citations omitted). Under Missouri law "an employee who sues and recovers damages from a third-party tortfeasor for injuries to the employee holds the amount due to the employer in trust so as to ensure that the employer's right of subrogation is protected pursuant to" § 287.150. *Kinney*, 200 S.W.3d at 613-14 (citations omitted).

The fourth requirement also is a closer call. Mr. McGhee would hold any funds that he receives for his tort claims in trust for MEM based on MEM's workers' compensation payments to him. *Id.* Therefore, MEM faces a "heavier burden" in meeting the fourth requirement to intervene as of right. *Swinton*, 960 F.3d at 1005. However, based on the specific allegations contained in the Motion to Intervene, MEM has rebutted that burden by showing that its interest cannot be subsumed by the McGhees.[3] Specifically, Mr. McGhee, as Ms. McGhee's husband, would likely share in any recovery Ms. McGhee receives for her loss of consortium claim, which may affect his ability to adequately represent MEM's interests. Construing Rule 24 liberally and in favor of intervention, the Court concludes that MEM meets the fourth and final requirement to intervene as of right. *Id.* at 1004.

Since MEM has shown that it meets each of the four requirements to intervene as of right, the Court will grant the Motion to Intervene and allow MEM to file its Proposed Complaint.

---

[3] Ms. McGhee's loss of consortium claim, to which MEM has no subrogation right, distinguishes this case from those cases involving only tort claims brought by or on behalf of the injured employee. *See Henderson*, 2016 WL 1546139.

### B. The Court Likely Would Allow MEM to Intervene Under a Theory of Permissive Intervention

Although the Court has concluded that MEM may intervene as of right, because the third and fourth requirements are closer calls, the Court also addresses MEM's alternative request to intervene under a theory of permissive intervention pursuant to Rule 24(b). The Court would likely grant the Motion to Intervene under Rule 24(b)(1)(B) as well.

The decision whether to grant a motion to intervene under Rule 24(b) is "wholly discretionary." *South Dakota ex rel Barnett*, 317 F.3d at 787. "The principle consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.*

In its Proposed Complaint, MEM seeks to bring the same tort claims that Mr. McGhee raises in the First Amended Complaint. Therefore, it is beyond dispute that the Court may allow MEM to intervene under Rule 24(b)(1)(B). As discussed above, based on Ms. McGhee's loss of consortium claim, MEM's subrogation interest may be impaired if it is not allowed to intervene. Given that the McGhees, Mr. Khalilov, and Eco Trucking failed to oppose the Motion to Intervene, the Court concludes that they will not suffer prejudice if the Court allows MEM to intervene. Additionally, no deadline in the Court's Scheduling Order has passed, so it does not appear that allowing MEM to intervene would "unduly delay" this matter. *See id.*

Therefore, the Court would likely permit MEM to intervene under a theory of permissive intervention as well.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that MEM's Motion to Intervene (Doc. 19) is GRANTED. No later than June 25, 2021, MEM shall file its Proposed Complaint. (Doc. 19-1).

Dated this 17th day of June, 2021, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge